## No. 13,776.

GEORGE P. LOWRY ET ALS. VS. WEST MONROE LUMBER COMPANY, LIMITED.

### SYLLABUS.

In an action to set aside a sale made at public auction, on the ground of simulation, it is attempted to have it decreed that a new corporation was a mere *locum tenens* of an old corporation indebted to plaintiffs and which superseded the old corporation only for (plaintiffs aver) the purpose of buying the property of the latter in order to escape the payment of its debt.

The simulation charged is not sustained against the corporation, which was the seizing creditor in the first suit. The mortgage of this creditor primed all others. The transactions between the seizing creditor and the new corporation have no appearance of being simulated and are not subject to the action *en declaration de simultation.*

APPEAL from the Sixth Judicial District, Parish of Ouachita— *Hall, J.*

*Andrew Augustus Gunby* for Plaintiff, Appellant.

*Hudson, Potts & Bernstein* for Defendants, Appellees.

The opinion of the court was delivered by

BREAUX, J. The plaintiffs, George P. Lowry and the Goldman and Massur Company, Limited, who are judgment creditors of the Ouachita Excelsior Saw and Planing Mills, Limited, bring this suit against the defendant to have a sheriff's sale of the property of the Ouachita Excelsior Saw and Planing Mills, made on the 21st day of May, 1898, declared void as a pure simulation. In the same action, plaintiffs sue to have it decreed that the West Monroe Lumber Company, Limited, is a simulation.

In the alternative, plaintiffs ask that it be decreed that their claim for the sum of three hundred and sixty-three dollars, with interest, as claimed, is due by the last named company. This cause was before us in a prior suit. The judge of the district court had rejected the demand of the plaintiff. From this judgment, plaintiff appealed, and, on appeal, this court affirmed the judgment of the district court. Fay and Egan Co. et al. vs. Monroe National Bank, 51 Ann. 613. On rehearing, we amended our decree only as relates to the amount prayed for by the plaintiff in the alternative.

In the cited case, we reviewed the evidence now before us on the second appeal. The only new testimony is that of Judge Gunby, who testified regarding the value of the property of the Ouachita Excelsior Saw and Planing Mills that was sold at public auction by the sheriff on the day before mentioned, and the testimony of a judgment creditor of the company.

The value of the property, testified to by the first witness has, of itself, little bearing on the question involved. Nor do we think that the other facts testified to by him are sufficient, of themselves, to justify us in granting the relief asked. If plaintiff's theory of the case were followed, then it would be of importance, but as we do not think that theory is sustained, for reasons hereafter given, we pass to the testimony of the other witness who testified on the second trial.

The witness, Haynes, is a stockholder in the West Monroe Lumber Company, Limited. He says that he sold a judgment he held against the Excelsior Saw and Planing Mills to L. D. McLain, before the sale involved in this suit, for stock in the West Monroe Lumber Company, Limited. By this witness plaintiff sought to prove that none of the stockholders in the West Monroe Lumber Company, Limited, had paid anything for the stock. The witness answered that he did not know.

The judgment of the district court rejected plaintiff's demand, and, as relates to the alternative demand, stated before, reserved to plaintiffs the right to sue the proper parties. From that judgment plaintiffs prosecute this appeal.

In our view, the sheriff's sale of the property of the Ouachita Excelsior Saw and Planing Mills, made on the date before stated, was not a simulated sale. It is abundantly made evident by the testimony that the amount claimed by the Ouachita National Bank was due to that bank. The mortgage it held was a valid mortgage due by the said company. This bank sued out a writ of seizure and sale and had the

property sold in accordance with its rights as a mortgage creditor. This mortgagee had the same right of foreclosure as any other mortgage creditor could have had. True, the president of the bank was a director of the Ouachita Excelsior Saw and Planing Mills, but they were separate entities, owned by separate interests and were entirely distinct corporations. The lumber company, beyond all question, owed the amount of the mortgage. It follows from this that all the proceedings were regular up to the time that the property was adjudicated to the West Monroe Lumber Company, Limited.

Plaintiffs charge that the Ouachita National Bank permitted the West Monroe Lumber Company, Limited, after this sale, to become its debtor for the price, that is, that instead of requiring cash, it accepted a mortgage for the price. We believe that such is a fact, that it is sustained by the testimony. It is reasonable to infer that an agreement was made to that end between the Ouachita National Bank and the West Monroe Lumber Company, Limited, prior to the sale. It does not follow, however, because of such an agreement, that the transaction is a simulation. If, in the course of these dealings between the bank and these lumber companies, it happened that some one gained an advantage, it does not afford a right to have the sale decreed a simulation, for the contract, it is evident, had some reality.

Plaintiffs, in their petition, aver, *in substance,* that the West Monroe Lumber Company, Limited, is only the *alter ego* of the Ouachita Excelsior Saw and Planing Mills. In any event, it does not appear that a knowledge of that fact, if it be a fact, was traced to the Ouachita National Bank. As between the two corporations, we do not think that the charge made was sufficiently sustained in these proceedings to enable us to treat the West Monroe Lumber Company, Limited, as a mere dummy, not entitled to legal existence. The evidence is conflicting, but its preponderance is not of such a character as to justify us in presuming it a mere simulation. The stockholders of the West Monroe Lumber Company are not the same as the stockholders of the Ouachita Excelsior Saw and Planing Mills. The management has changed and the trend of its organization and business is not that of a mere simulated concern. We therefore do not think we could feel justified in pronouncing a decree which would put an end to its existence as a corporation.

With reference to the alternative demand, about three hundred and sixty-three dollars, plaintiffs' brief is silent. We have examined the

testimony on the subject, and have not succeeded in arriving at the conclusion that judgment should now be granted for the amount claimed.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.

Rehearing refused.